IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| **NESTER SANDOVAL-SANDOVAL,** | |
| Petitioner, | Cause No. CR 07-54-BLG-JDS |
| vs. | |
| | ORDER |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

This matter comes before the Court on Petitioner's Petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The Petitioner's § 2255 motion alleges that relief from the sentence is appropriate to due (1) ineffective

assistance of counsel and (2) the Government breaching the terms of the plea agreement.

On November 5, 2008, Petitioner was sentenced on Count IV of his Indictment to 292 months custody with 10 years supervised release, to run consecutive to his sentence in CR-05-04-BLG-JDS. Petitioner did not appeal his sentence. His present § 2255 motion was timely filed.

This Court directed the Petitioner to file a brief in support of his § 2255 petition. This Court also directed the Government to file a response to Petitioner's claims. Petitioner has also filed a reply brief. After having reviewed the respective arguments, this Court is prepared to render a ruling a this time.

## I. Ineffective Assistance of Counsel

Defendant's § 2255 Petition alleges ineffective assistance of counsel. Specifically, Petitioner contends that he provided substantial assistance to the Government in two lengthy debriefings. However, he alleges that prior to these debriefings, Petitioner's attorney failed to extract an agreement. Moreover, prior to his changing his plea, Petitioner contends that his attorney failed to warn him of the extent of his criminal exposure under the Sentencing Guidelines..

To establish ineffective assistance of counsel, Petitioner must demonstrate that under the totality of the circumstances, his trial counsel performed deficiently

and that counsel's performance resulted in prejudice. *Strickland v. Washington,* 466 U.S. 668(1984). As the Supreme Court has explained:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.
> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Id. at 687. As to the "performance" inquiry, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688. Under Strickland, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 691.

To prevail on his claims, Petitioner must establish that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for the deficiency, the outcome of the proceedings would have been different. *Towery v. Schriro*, 622 F.3d 1237,1238 (9th Cir. 2010).

"The objective standard of reasonableness is a highly deferential one and includes a strong presumption that counsel's conduct fall within a wide range of reasonable professional assistance." *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir.2003). In *Strickland*, the Supreme Court defined a "reasonable probability" to

mean a "probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. Unless Petitioner makes both showings, his claims fail. *Id.* at 687.

Looking at his first claim that his attorney was ineffective because the attorney did not obtain an agreement on his behalf prior to debriefing, as noted in the Government's response, Petitioner did receive a "free talk" letter. The substance of that letter informed Petitioner that no statements made by him during the "off the record" proffer would be used as evidence against him in any criminal case or to establish the applicable guideline range.[1] That letter further informed Petitioner that if he provided information that was of "substantial assistance" in a federal case, then the Government would potentially reward him by filing a 5K1.1 motion. Further, that same agreement stated that the mere participation in a free-talk interview did not automatically entitle him to a reduction of his sentence or to require the government to file a motion for substantial assistance. Lastly, the letter informed Petitioner that the "United States has complete discretion to make, or refrain from making, substantial assistance decisions and motions."[2] As such, contrary to Petitioner's allegations, Petitioner's attorney did in fact procure for him an agreement to limit his exposure. To the extent that Petitioner contends that his attorney was ineffective because the attorney did not procure him an agreement

---

[1] *NOTICE OF FILINGS OF EXHIBITS, (Doc. #77) EXHIBIT A.*
[2] *Id.*

Page 4 of 12

regarding a sentence recommendation prior to his debriefing, the free-talk letter clearly reflects that such an agreement is not within the protocol of the U.S. Attorneys' Office.  Petitioner's §2255 motion on this ground is DENIED.

Next, Petitioner argues that his attorney was ineffective when the attorney failed to warn Petitioner that he would be sentenced under the full extent of the sentencing guidelines. In addition, Petitioner contends that his attorney was ineffective because the attorney was unable to secure him a lesser sentence for his cooperation and debriefing.  Lastly, Petitioner contends that if he had known that he would not receive a §5K1.1 motion and be sentenced to the full extent of the sentencing guidelines, he would not have debriefed and he would have rejected the plea agreement.

The Court is unclear as to what exactly Petitioner is alleging is ineffective. The Court notes that the debriefing occurred on November 15, 2007.  Petitioner pled guilty to Count IV of the Indictment on May 21, 2008.  He was sentenced on October 29, 2008.  To the extent Petitioner contends he would not have debriefed had he known he was not going to get a §5K1.1 motion from the Government, his "free talk" letter specifically informed him that the Government was not going to move for a reduction in sentence just because he debriefed.  In addition, the plea agreement which Petitioner pled to specifically stated that "the United States may

move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to U.S.S.G. § 5K1.1 for a downward departure to reward for any substantial assistance the defendant has provided or may provide before sentencing."[3] The record reflects that the authority to seek a reduction of a sentence lies solely within the purview of the U.S. Attorneys' Office.  As such, throughout the course of his criminal proceedings, Petitioner was fully informed that his debriefing in no way obligated the Government to move for a reduction of his sentence.  As such, it was reasonable to assume that there was strong likelihood that, without a reduction, he would be subject to the full extent of the sentencing guidelines.  Petitioner's §2255 motion on this ground is DENIED.

For the foregoing reasons, this Court concludes that Petitioner has failed to establish that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for the deficiency, the outcome of the proceedings would have been different.  Petitioner's § 2255 motion based on ineffective assistance of counsel is DENIED.

**III.  The Government breached the terms of the plea bargain**

Petitioner contends that the Government breached the terms of the plea bargain when it failed to argue for a 120 month sentence as promised after

---

[3] *Doc. #53, ¶ 17(a).*

Petitioner allegedly provided substantial assistance. In support, Petitioner attaches and refers the Court to an unsigned plea agreement between him and the Government. That plea agreement is unsigned and is not the plea agreement that Petitioner ultimately pled to. As such, this Court will give it, and Petitioner's arguments based on it, no credence.

Generally, breach of plea agreement issues not brought at the trial court level cannot be raised for the first time on appeal or collateral attack. *United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir.2000). Neither the record nor the Petitioner indicate that he argued breach of his plea agreement contention before the during the pendency of his criminal proceeding and thus, the issue is not proper for review on collateral attack.

Regardless, "[p]lea agreements are contractual in nature and are measured by contract law standards." *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir.1990). Therefore, the government is "required to make a 'good faith evaluation' of Defendant's assistance ... and to determine whether it warranted a § 5K1.1 motion." *United States v. Quach*, 302 F.3d 1096, 1102 (9th Cir.2002).

"[If] a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

On this record, the Court finds that the Government made no specific promises to Petitioner that it would move for a substantial assistance departure or recommend any lower sentence. The relevant parts of the plea agreement that Petitioner signed state:

> 11. *Recommendations:*
>     (a)   The United States and the defendant reserve all right, without condition, to make any appropriate sentencing recommendation.
>     \* \* \*
> 14. *Voluntary Plea:* The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement to induce the defendant to plead guilty.
>     \* \* \*
> 17. *Waivers:*
>     *(a) Waiver of Appeal of the Sentence - 5K motion* . . . Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to U.S.S.G. § 5K1.1 for a downward departure to reward for any substantial assistance the defendant has provided or may provide before sentencing.
>     \* \* \*
>
> The United States emphasizes, and the defendant acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to file such a motion or make such a commitment without express written approval of the U.S. Attorney or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.[4]

---

[4] *Doc. #53.*

Ninth Circuit law is clear that the plea agreement is to be interpreted as Petitioner could have reasonably understood it at the time of his plea. See, e.g., *United States v. De la Fuente*, 8 F.3d 1333, 1338 n. 8 (9th Cir.1993). Consistent with the plain language of the plea agreement, Petitioner twice affirmed during his plea colloquy that there were no additional negotiations, promises or agreements with the prosecution other than what was contained in the plea agreement.

The plain language of the plea agreement specifically provides that the government was not required to accept any cooperation or assistance that Petitioner may have offered, or to use it in any particular way. Because the plea agreement states that all discretionary power was retained by the Government, Petitioner can argue nothing more than that his reasonable expectation was to receive good-faith consideration of his assistance.

In *Wade v. United States*, 504 U.S. 181, 187 (1992), the U.S. Supreme court stated that "[t]he government's decision not to move [for a departure] may have been based not on a failure to acknowledge or appreciate Wade's help, but simply on its rational assessment of the cost and benefit that would flow from moving." Here, the record reflects that although the Petitioner agreed to debrief via a "free talk" letter, the government was under no obligation to utilize the information Petitioner provided.

Given that the Petitioner was informed that no "promises, or representations" had been made to induce him to plead guilty, the Government's exercise of discretion in this instance was within the terms of the plea agreement, which vested it with sole authority and discretion to determine whether Petitioner had rendered substantial assistance.

In addition, the Government has submitted the Affidavits of ICE Agent Larry Suek and DEA Agent Joe Kirkland.[5] Both agents testify that they were present at Petitioner's debriefings and both did not observe or recollect any promises made by AUSA Seykora or any other prosecutor to the Petitioner regarding any potential of a reduction in sentence. Lastly, the "free talk" letter signed by Petitioner specifically stated that,

> . . . mere participation by Sandoval-Sandoval in a free-talk interview does not automatically entitle him to a reduction of his sentence or require the government to file a motion for substantial assistance in the even he is indicted and convicted. While cooperative and forthcoming, his information may not be material or substantial. Minimization, rationalization or excuses on his part may make his assistance unpersuasive and therefore not useful. Departure motions are made on the basis of significance of results and not the purity or enthusiasm of a (prospective) defendant's intent. The United States has complete discretion to make, or refrain from making, substantial assistance decisions and motions.

Under *Wade*, a defendant is entitled to an evidentiary hearing if he presents evidence constituting a "substantial threshold showing" that the government's

---

[5] *Docs. ## 81, 82.*

decision not to file for departure was made due to an improper motive. *Wade*, 504 U.S. at 186. The substantial threshold burden requires more than "generalized allegations of improper motive," but must involve specific allegations such as evidence that the government's decision not to file a departure motion was based on suspect reasons such as race or religion, or that the decision was not rationally related to any government end. *Id.*; see also *United States v. Treleaven*, 35 F.3d 458, 461 (9th Cir.1994). The Supreme Court has held that the mere argument that a party provided substantial assistance is not sufficient to meet *Wade's* substantial threshold requirement. *Wade*, 504 U.S. at 186-87.

Here, contrary to Petitioner's allegations, the record reflects that his allegations of a promised reduction in sentence are foreclosed by the plain language of the plea agreement, the Affidavits of Kirkland and Suek, and the "free talk" letter. Moreover, this Court concludes Petitioner's generalized allegations that the Government somehow acted in bad faith by concluding that his information was not useful, and therefore did not merit a departure is unsupported.

For the foregoing reasons, this Court concludes that Petitioner is unable to establish a threshold showing that the Government made any promises to him regarding any sentence that he might receive or that they would filed a §5K1.1 motion on his behalf. Thus, Petitioner is not entitled to an evidentiary hearing.

Lastly, to the extent Petitioner contends that he derived no benefit from pleading guilty, the plea agreement reflects that due to a prior drug felony conviction, Petitioner was already subject to a 20 year mandatory minimum sentence if convicted. By pleading guilty, the Government dismissed Counts I-III and V. Further, by pleading guilty, Petitioner received a three level reduction in offense level. Consequently, Petitioner went from a potential sentencing range of *360 months - life* to a range of *292 - 365 months*. Had the Petitioner not pled guilty and proceeded to trial and challenged all charges in the Indictment, his criminal exposure would have been much greater than what it ultimately was by his decision to plead.

Based on the foregoing, **IT IS ORDERED:**

1) Defendant's Motion under 28 U.S.C. § 2255 [Doc. No. 67] is **DISMISSED**.

The Clerk of Court is directed to notify the parties of the making of this Order.

**DONE** and **DATED** this 15th day of December, 2010.

        /s/Jack D. Shanstrom
JACK D. SHANSTROM
SENIOR U.S. DISTRICT JUDGE